## PEARSON v. PEARSON.

HOMESTEAD—TWO-FUND DOCTRINE—EQUITY.—UNSECURED CREDITORS of decedent have no equity or right to compel a mortgage creditor, whose mortgage embraces the homestead, to first exhaust the homestead, so that balance of assets may be applied to their claims.

Before KLUGH, J., Marlborough, May, 1900.   Reversed.

Action by Robert L. Pearson, administrator of John D.

Pearson, against Sarah F. Pearson, widow, his children, and
creditors, to marshal the assets of said estate and sell the
land in aid of assets.   From decree of the Circuit Court re-
quiring the mortgage creditor to first exhaust the homestead
covered by his mortgage, so that balance of assets may be
applied to claims of unsecured creditors, the widow and
children appeal.

*Messrs. J. H. Hudson* and *T. W. Boucher,* for appellants,
cite: *Simple creditors have no equity to require mortgagor
to first sell homestead:* 17 S. C., 380; Rice Eq., 393; 17
Kan., 527.   *This case falls under Con. of 1868:* 52 S. C.,
120.   *This right only existed in favor of judgment credi-
tors:* 33 S. C., 142; 41 S. C., 37.

*Mr. H. H. Newton,* contra, cites: *Where one creditor has
two funds and another only one, equity will require the one
to first exhaust the fund to which the other has no access:*
18 S. C., 425; 52 S. C., 120.   *And this doctrine is not re-
stricted to lien creditors:* 131 Mass., 19; 167 Ill., 588; 8 R.
L. A., 276; 11 Lea., 391; 8 Ves., 308; 1 Kan., 455; 1 Eq.
Cas. Abr., 144; 2 Vern., 763; 2 Ark., 436; 30 Ch. Div. L.
R., 192; 27 Am. L. Reg., 744; 1 Pa. St., 267; Bail. Eq., 390.
*That part of property mortgaged is a homestead does not
affect the rule:* 18 Wis., 241; 20 Wis., 520; 12 Kan., 592.

March 6, 1901.   The opinion of the Court was deli-
vered by

MR. JUSTICE GARY.   The facts of this case are fully set
out in the decree of his Honor, the Circuit Judge.   In this
he says: "The main question presented for my decision is
whether the unsecured creditors of the deceased have such
claim, or lien, or interest in the assets of the estate, as that
they have the equity to compel the mortgagee first to exhaust
the homestead set apart to the widow and children, before
he can claim any part of the assets of the estate as applicable
to his mortgage."   He decided that the unsecured creditors
had such an equity.

We will first consider whether he erred in so ruling. The general principles ably discussed in the Circuit decree are to be considered in connection with the constitutional and statutory provisions of our law relating to the right of homestead. This case is to be determined by the law in force prior to the Constitution of 1895. *Bank* v. *Kohn,* 52 S. C., 120. Sec. 32, art. II., Constitution of 1868, provides as follows: "The General Assembly shall enact such laws as will exempt from attachment and sale under any mesne or final process issued from any 'Court, to the head of any family residing in this State, a homestead in lands, whether held in fee or any lesser estate, not to exceed in value $1,000 with the yearly products thereof; and to every head of a family residing in this State, whether entitled to a homestead exemption in lands or not, personal property not to exceed in value the sum of $500 * * * It shall be the duty of the General Assembly at their first session to enforce the provisions of this section by suitable legislation." The legislature passed a statute fixing the amount of exemption in lands at $1,000 and in personal property at $500. The legislature also enacted that "no waiver of the right of homestead however solemn, made by the head of a family at any time prior to the assignment of the homestead, shall defeat the homestead provided for in this chapter: *Provided, however,* That no right of homestead shall exist or be allowed in any property, real or personal, aliened or mortgaged, either before or after assignment by any person or persons whomsoever, *as against the title or claim of the alienee or mortgagee, his, her or their heirs or assigns"* (italics ours). Rev. Stat., sec. 2130. The right of homestead existed against every one who was not either an "alienee" or "mortgagee" of the deceased. *Ex parte Allison,* 45 S. C., 338, and cases therein cited. The homestead exemption is a legal right conferred by the Constitution, which even the head of the family could not destroy, except by "alienation" or "mortgage." The right for which the unsecured creditors contend is a mere equity, and in no sense could be regarded as either an "alienation"

or "mortgage," by which alone the homestead exemption could be defeated; yet to allow this equity would destroy the homestead.    In the case of *Bank* v. *Brice,* 47 S. C., 134, this Court decided that a junior judgment creditor had the right to compel a mortgagee to exhaust the homestead before proceeding to subject the other property to the payment of his mortgage; but we are unwilling to extend the doctrine to unsecured creditors.    In sec. 28, art. III., Constitution of 1895, one of the *provisos* is as follows : "That no waiver shall defeat the right of homestead before assignment except it be by deed of conveyance or by mortgage, and only as against the mortgage debt; and no judgment creditor or other creditor whose *lien* shall not bind the homestead shall have any right or equity to require that a lien which embraces the homestead and other property shall first exhaust the homestead."    We have quoted this provision to show that the Constitutional Convention—many of whose members were lawyers of marked ability—did not suppose that unsecured creditors had the right to assert this equity.    If the framers of the Constitution had entertained a doubt as to the right of unsecured creditors to require that a lien which embraces the homestead and other property should first exhaust the homestead, it is reasonable to presume they would have included unsecured creditors in the foregoing provision, as otherwise unsecured creditors would enjoy higher rights than judgment creditors and other lien creditors.    The exceptions raising this question are sustained.

Under this view, the other questions become merely speculative and, therefore, will not be considered.

The judgment of the Circuit Court is reversed.